UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LIVIA M. SCOTTO,

        Plaintiff,

        v.

UNITED STATES, JESSICA M. MCCLEAN,
VOLKS ANWALT OF NEW YORK LLC,
ANA HOLDINGS, NEW YORK UNIVERSITY
HOSPITAL OF BROOKLYN, NEW YORK,
HCA, CONSULATE HEALTH CARE REHAB,
MAIOMOMEDIES HOSPITAL, U.S.F.D.A.,
U.S. CUSTOMS, THE CORPORATION TRUST,
THE CORPORATION COUNSEL, JORDAN
FOSTER, OFFICE OF THE PROSECUTOR
ATTORNEY, COUNTY OF HONOLULU
HAWAII GOV., CASTLE AND COOK TRUST,
STATE OF HAWAII DEPARTMENT OF LABOR,
U.S. DEPARTMENT OF LABOR, M. DYER
AND SONS AND AFFILIATES, U.S. STATE
DEPARTMENT, U.S. DEPARTMENT OF DEFENSE,
U.S. AIR FORCE, U.S. NAVY, STATE OF HAWAII,
COUNTY OF HONOLULU, COUNTY OF MAUI,
THE JONATHAN BEATTY TRUST, THE
MEDERIOS TRUST, UNVERSITY OF HAWAII,
MAUI CORPORATION COUNSEL,
OFFICE OF PERSONNEL MANAGEMENT,
UNITED CONTIENTAL HOLDINGS, UNITED
AIRLINES, MELLON TRUST, BANK OF NEW
YIRK TRUST, LIST OF ADDITIONAL
DEFENDANTS, U.S. AGRICULTURE FARM
SERVICE BUREAU, SOCIETE GENERALE,
SOCIETE AIR FRANCE KLM and VINCI GROUP,

        Defendants.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-701 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Livia M. Scotto, proceeding *pro se*, commenced the above-captioned action on

July 29, 2019, against Defendants, (Compl., Docket Entry No. 1), and, on the same date, filed a motion to appoint *pro bono* counsel, (Mot. to Appoint Counsel, Docket Entry No. 3). The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

I. **Discussion**

    a. **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Motion to appoint counsel

There is no right to *pro bono* counsel in a civil case. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). However, the Court may request that an attorney volunteer to serve as counsel, and looks to a number of factors to determine whether it is appropriate to request a volunteer attorney for a particular case. *Ferelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)). The first consideration, and threshold requirement, is whether the movant's position is "likely to be of substance." *Id.* at 204. Plaintiff has not met the threshold requirement by establishing that her position is "likely to be of substance." *Id.* Accordingly, the Court denies Plaintiff's application for *pro bono* counsel.

### c. Plaintiff fails to state a claim

The 225-page Complaint is incoherent and fails to state a claim for relief. (*See generally* Compl.) The Complaint consists of a random assortment of documents and does not contain a statement of claim against any Defendant. (*Id.*) Despite the Court's best efforts, the Complaint is impossible to follow as it consists of various excerpts, attachments, duplicates, notices, receipts, and emails. (*Id.*)

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also*

*Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted); *see also Dettelis v. Sharbaugh*, 919 F.3d 161, 168 (2d Cir. 2019) ("Rule 8 of the Federal Rules of Civil Procedure 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)).

Dismissal of a complaint is appropriate where the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting *Simmons*, 49 F.3d at 86); *see also Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) ("Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (quoting *Salahuddin*, 861 F.2d at 42)).

Even under the most liberal reading of the Complaint, the Court cannot discern what legally cognizable harm Plaintiff has suffered. Accordingly, the Court dismisses the Complaint. *See Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) (affirming the district court's dismissal where the plaintiff's second amended complaint was "incomprehensible, incomplete and technically deficient, consisting of one, rambling paragraph" and "containing over 550 lines . . . [of] incoherent allegations"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of an "88-page, legal size, single spaced *pro se*

complaint" that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and thus "failed to comply with the requirement of Rule 8"); *Kalter v. Hartford Ins. Co. of the Midwest*, 24 F. Supp. 3d 230, 235 (E.D.N.Y. 2014) (dismissing a complaint *sua sponte* because it contained "only broad, vague and generalized allegations" and thus failed to comply with Rule 8); *Henry v. Brown*, No. 14-CV-2828, 2014 WL 2112699, at *1 (E.D.N.Y. May 19, 2014) (dismissing a *pro se* complaint that alleged "no facts" to support a federal cause of action against the named defendant); *Fisch v. Consulate Gen. of Republic of Poland*, No. 11-CV-4182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) (dismissing a 476-page complaint that was "indisputably prolix and often unintelligible" because "[n]either this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought").

### d. The Court declines to afford Plaintiff an opportunity to amend the Complaint

While the Court would ordinarily allow Plaintiff to amend her Complaint to cure the identified deficiencies, any amendment in these cases would be futile. *See Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) ("Leave to amend may properly be denied if the amendment would be futile." (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012))).

Based on the incomprehensible nature of the Complaint, as well as Plaintiff's litigation history (as set forth below), the Court finds that any amendment would be futile and denies Plaintiff leave to amend. *See Perry v. Mary Ann Liebert, Inc.*, 765 F. App'x 470, 473 (2d Cir. 2019) (affirming the district court's denial of leave to amend the plaintiff's complaint on futility grounds); *Clifton v. Office of Temp. Disability OTDA*, No. 15-CV-6806, 2016 WL 482021, at *2

5

(E.D.N.Y. Feb. 4, 2016) ("Whereas ordinarily the [c]ourt would allow [the] plaintiff an opportunity to amend . . . it need not afford that opportunity here where it is clear from plaintiff's submission and prior litigation history with the [c]ourt that he cannot state a plausible claim for relief. As such, any attempt to amend . . . would be futile."); *see also Glass v. U.S. Presidents since 1960*, No. 17-CV-3141, 2017 WL 4621006, at *4 (E.D.N.Y. Oct. 12, 2017) (finding that the plaintiff's amended complaint rose "to the level of irrational," and declining to afford the plaintiff an opportunity to further amend her complaint "given that the deficiencies therein [were] not such that could be cured by amendment").

e. **Plaintiff's litigation history**

Plaintiff has a long history of filing similar actions in other courts. Indeed, Plaintiff has filed over fifty cases in federal courts[1] and is the subject of several filing injunctions in various courts.[2] To date, Plaintiff has filed thirteen Complaints, including this action, before this Court.[3]

---

[1] *See, e.g.*, *Scotto v. M. Dyer & Sons*, No. 18-CV-1665, 2018 WL 4760791, at *1 (M.D. Fla. Aug. 7, 2018) (dismissing Plaintiff's complaint because she "fail[ed] to provide a basis for jurisdiction, a statement of the claim, or a statement regarding damages or relief"); *Scotto v. Foster*, No. 18-CV-1666, 2018 WL 8584157, at *1 (M.D. Fla. July 27, 2018) (finding that Plaintiff's complaint, consisting of a "cover sheet that appends a seemingly random assortment of other unexplained documents," did not comply with the Federal Rules of Civil Procedure); *Scotto v. McClean*, No. 17-CV-2730, 2018 WL 1886568, at *2 (M.D. Fla. Jan. 30, 2018) (dismissing Plaintiff's second amended complaint because her "allegations [were] disorganized, confusing, and repetitive, and [were] not relevant to any cause of action"); *Scotto v. CUC Int'l*, No. 07-CV-00213, 2007 WL 1341183, at *1 (D. Haw. May 3, 2007) (dismissing Plaintiff's complaint because the court could not "understand the . . . claims" since the allegations were "incomprehensible" and did not "create[] any factual basis for an actionable claim against any named defendant").

[2] *See, e.g.*, *In re Livia M. Scotto*, No. 18-MC-62, at *2 (M.D. Fla. Aug. 6, 2018) (implementing a "pre-filing review" process to "deter [Plaintiff's] frivolous filings and to preserve the judiciary's resources"); *Scotto v. United States of America*, No. 16-CV-9125 (S.D.N.Y. Jan. 30, 2017); *In re Livia M. Scotto*, No. 11-MC-302 (D. Haw. Dec. 14, 2011).

Plaintiff is cautioned that this Court will not tolerate frivolous litigation and that she may be subject to a filing injunction in this district should she continue to file similar actions in this Court. *Mendes da Costa v. Marcucilli*, No. 18-1859, 2019 WL 5618160, at *2 (2d Cir. Oct. 31, 2019) ("A district court may impose a leave-to-file sanction on 'litigants who abuse the judicial process,' such as by filing 'repetitive and frivolous suits.'" (quoting *Shafi v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996))); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.'" (quoting *In re Martin–Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984))).

## II. Conclusion

For the reasons set forth above, the Court denies Plaintiff's motion for *pro bono* counsel and dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United*

---

[3] *See Scotto v. State of Hawaii*, No. 19-CV-5167 (E.D.N.Y. filed Aug. 9, 2019); *Scotto v. New York Univ.*, No. 19-CV-04756 (E.D.N.Y. filed Aug. 9, 2019); *Scotto v. New York Univ.*, No. 19-CV-701 (E.D.N.Y. dismissed Nov. 20, 2019); *Scotto v. United States*, No. 19-CV-901 (E.D.N.Y. dismissed Nov. 20, 2019); *Scotto v. Maimonides Hosp.*, No. 19-CV-2821 (E.D.N.Y. filed May 3, 2019); *Scotto v. McClean*, No. 19-CV-2443 (E.D.N.Y. appeal docketed July 26, 2019); *Scotto v. Noordhoek*, No. 19-CV-2444 (E.D.N.Y. appeal docketed Aug. 29, 2019); *Scotto v. Bass & Assoc.*, No. 19-CV-2445 (E.D.N.Y. dismissed July 30, 2019); *Scotto v. Societe Air France*, No. 19-CV-2446 (E.D.N.Y. appeal docketed Aug. 29, 2019); *Scotto v. Societe Air France*, No. 18-CV-7242 (E.D.N.Y. appeal docketed May 13, 2019).

*States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

Dated: November 25, 2019
      Brooklyn, New York

                                      SO ORDERED:


                                          s/ MKB
                                    MARGO K. BRODIE
                                    United States District Judge